**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LENA BUCCIGROSSI, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br>        v.<br><br>THOMAS JEFFERSON UNIVERSITY,<br><br>                                    Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Lena Buccigrossi ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Thomas Jefferson University ("Jefferson" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

### NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS

1.      This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 academic semester at Thomas Jefferson University, and who, because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services for which their fees paid, without having their tuition and fees refunded to them.

2.      Jefferson is one of this country's preeminent private universities with an enrollment of over 7,000 students.  Jefferson's campus is located in Philadelphia, Pennsylvania, and offers over 160 different undergraduate and graduate programs.

3.      Plaintiff and Jefferson entered into a contractual agreement where Plaintiff would provide payment in the form of tuition and fees and Defendant, in exchange, would provide in-

person educational services, experiences, opportunities, facilities, and other related services. The terms of the contractual agreement were set forth in publications from Jefferson, including Jefferson's Class Schedule Search, Jefferson's Course Catalog, and course-specific syllabi.

4.    When Plaintiff and Class Members sought to enter into a contractual agreement with Defendant for the provision of educational services for the Spring Semester 2020, Plaintiff and Class Members viewed the Class Schedule Search and Course Catalog to make specific course selections prior to registering and paying for selected courses.

5.    Indeed, Jefferson's Class Schedule Search function specifically denotes online programs by placing the word "Online" in parenthesis next to a particular subject. Moreover, Jefferson allows students to search for courses based on "Schedule Type," which provides options for "Lecture," and "On-line," among others, as pictured side-by-side below:




6.      Once a student selects a class, Jefferson reinforces the in-person nature of its in-person classes by providing its students with a Class Schedule Listing.  As seen in the example below, Jefferson again describes its Lectures as "In-Person," while also providing the date, time, and physical meeting location for each course:

Class Schedule Listing



7.      Additionally, Jefferson's Course Catalog provided Plaintiff and Class Members with information regarding the courses offered, and a description of the course.  Online courses were clearly represented as such because, for certain courses, Jefferson represents that "Lectures will be delivered online."[1]  Course descriptions for in-person classes made no mention of remote learning.  The tuition Jefferson charged for in-person courses was substantially more than the tuition charged for the online alternative courses.

8.      Other publications from Jefferson reference the in-person nature of the Spring Semester 2020 course offerings, including course-specific syllabi and Jefferson's Class Attendance Policy.  Course-specific syllabi include the course's physical campus location (building and classroom number) along with meeting dates and times.  Jefferson's Class Attendance policy also emphasizes the importance of in-person learning.

---

[1] *See generally*, https://www.jefferson.edu/content/dam/university/health-professions/2019.2020-JCHP-Catalog.pdf

9.    On March 12, 2020, Jefferson announced via letter from Stephen Klasko (University President) and Mark Tykocinski (University Provost) that for the remainder of the Spring 2020 semester, Jefferson was to "suspend in-person classes and transition to online classes," effective immediately.[2]

10.   Thus, Jefferson has not held any in-person classes since March 12, 2020.  Classes that have continued have only been offered in an online format, with no in-person instruction.

11.   As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Ms. Buccigrossi and the putative class contracted and paid for.  The online learning options being offered to Jefferson students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.  The remote learning options are in no way the equivalent of the in-person education that Plaintiff and the putative class members contracted and paid for. This is no doubt why Jefferson's tuition for in-person courses cost substantially more than their online alternative.

12.   Nonetheless, Jefferson has not refunded any tuition or fees for the Spring 2020 Semester.

13.   Plaintiff and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

14.   Plaintiff seeks, for herself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the

---

[2] https://www.jefferson.edu/coronavirus.html#updates

Spring Semester 2020 when classes moved online and campus services ceased being provided. Plaintiff seeks a return of these amounts on behalf of herself and the Class as defined below.

## PARTIES

15.     Plaintiff Lena Buccigrossi is a citizen of New Jersey who resides in East Brunswick, New Jersey.  Ms. Buccigrossi is pursuing a graduate degree in Community and Trauma Counseling.  The Community and Trauma Counseling program at Jefferson relies extensively on in-person instruction, meaningful student presentations, and peer collaboration, and access to other university facilities.  None of these resources are available to Ms. Buccigrossi while in-person classes are suspended.  Ms. Buccigrossi paid Defendant approximately $15,000 in tuition and fees for Spring Semester 2020.  Jefferson has not provided Ms. Buccigrossi any refund of tuition or other mandatory fees, despite the fact that in-person classes have not been held since March 12, 2020.

16.     Prior to beginning the Spring 2020 semester, and prior to paying tuition and fees, Plaintiff consulted the Class Schedule Search function Course Catalog and enrolled in courses for the Spring 2020 semester.  In consulting these materials, Plaintiff understood and believed that every course in which she enrolled was to be taught in-person.  Plaintiff's understanding and belief was based on the course description which did not mention online learning (unlike course descriptions for online courses) and that the Class Schedule Search function clearly indicated "Schedule Type:  Lecture" as opposed to "Schedule Type:  On-line."  *See supra* ¶¶ 5-6 (showing photo examples).  Plaintiff also viewed the Class Schedule Listing which indicated that lectures would be "in person."  *Id.*  Thus, the in-person nature of the courses was part of the benefit of the bargain, and Plaintiff would not have paid as much, if any, tuition and fees for the Spring 2020 semester at Jefferson had she known that the courses would not, in fact, be taught in-person.

17.     Defendant Thomas Jefferson University is a private research university with its principal place of business at 130 South Ninth Street, Philadelphia, PA 19107.

## JURISDICTION AND VENUE

18.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

19.     This Court has personal jurisdiction over Defendant because it is headquartered in this District, and many of the acts and transactions giving rise to this action occurred in this District.

20.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District, and because Defendant resides in this District.  Specifically, the contract that is the subject of this action was formed in this District.

## FACTUAL ALLEGATIONS

### *Plaintiff And Class Members Paid Tuition And Fees For Spring Semester 2020*

21.     Plaintiff and Class members are individuals who paid the cost of tuition and other mandatory fees for the Spring 2020 Semester at Jefferson.

22.     Spring Semester 2020 classes at Jefferson began on or about January 15, 2020. Classes and final exams for the semester are scheduled for end on or around May 13, 2020.

23.     Plaintiff and Class members paid the cost of tuition for the Spring Semester 2020. They also paid other mandatory fees associated with the Spring Semester 2020, including but not

limited to a General Fee and in some instances, a Departmental Fee.

24.     Undergraduate tuition for the Spring 2020 semester at Jefferson is approximately $20,340.  Mandatory undergraduate fees include a General Fee of approximately $500 per semester, and a Departmental Fee which varies based on area of study.

25.     Graduate tuition for the Spring 2020 semester at Jefferson varies based on area of study.  For example, certain programs charge per credit such as the College of Architecture & the Built Environment ($1,310 per credit) and the School of Business Administration ($1,190 per credit).  Other graduate programs charge on a per-semester basis such as Occupational Therapy ($21,060 per semester) and Human Genetics & Genetic Counseling ($16,650 per semester).

26.     The tuition and fees described in the paragraph above are for in-person courses and is provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.  The tuition and fees Jefferson charged for available online alternative courses are substantially less.

### *In Response To COVID-19, Jefferson Closed Campuses And Cancelled All In-Person Classes*

27.     On March 12, 2020, Jefferson announced that because of the global COVID-19 classes would be held only in online format the end of the Spring 2020 semester.

28.     Since March 12, 2020, Jefferson has not held any in-person classes.  The closure of Jefferson's campuses has been extended through the end of Spring Semester 2020.  Classes that have continued have only been offered in an online format, with no in-person instruction.  Even classes for students with concentrations in areas where in-person instruction is especially crucial (such as music, theatre, nursing, and the sciences) have only had access to minimum online education options.

29.      As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for.  Plaintiff and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided. Even if Defendant did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

30.      Plaintiff and members of the Class did not choose to attend an online institution of higher learning, but instead chose to attend Defendant's institution and enroll on an in-person basis.

31.      Defendant markets the Jefferson on-campus experience as a benefit of enrollment on Jefferson's website:





# Hands−On Immersion Through Interprofessional Education

Inter-*what*? Well, think about it. In the real world, physicians may interact with physical therapists, neuroscientists may work with respiratory therapists, and all may work with nurse practitioners. The professional world isn't siloed according to job descriptions – *so why should curricula in higher education be?  At Jefferson, we've torn down the walls!*

There's no better way to prepare for your future profession than by spending your undergraduate and graduate years immersed in, and informed by, hands-on experiences among colleagues within connected professions and disciplines.  This approach creates team-based learning, collaboration and decision-making — with an appreciation for many points of view. Kind of like in the real world.

32.     The remote learning options being offered to Jefferson students are subpar in practically every aspect and a shadow of what they once were, from the lack of facilities, materials, and access to faculty.  Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

33.     The remote learning options are in no way the equivalent of the in-person education putative class members contracted and paid for.  The remote education being provided is not even remotely worth the amount charged class members for Spring Semester 2020 tuition.  The tuition and fees for in-person instruction at Jefferson are higher than tuition and fees for its own available online alternative courses or other online institutions because such costs cover not just the academic instruction, but encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;

- Access to facilities such as libraries, laboratories, computer labs, and study rooms;

- Student governance and student unions;

- Extra-curricular activities, groups, intramural sports, etc.;

- Student art, cultures, and other activities;

- Social development and independence;

- Hands on learning and experimentation;

- Networking and mentorship opportunities.

34.     Through this lawsuit Plaintiff seeks, for herself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided.  Plaintiff seeks return of these amounts on behalf of herself and the Class as defined below.

## CLASS ALLEGATIONS

35.     Plaintiff seeks to represent a class defined as all people who paid Jefferson Spring Semester 2020 tuition and/or fees for in-person educational services that Jefferson failed to provide, and whose tuition and fees have not been refunded (the "Class").  Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

36.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

37.     **Numerosity.**  The members of the Class are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiff reasonably estimates that there are tens of thousands of members in the Class. Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

38.     **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

     (a)     whether Defendant accepted money from Class members in exchange for the promise to provide services;

     (b)     whether Defendant has provided the services for which Class members contracted; and

     (c)     whether Class members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide.

     (d)     whether Defendant has unlawfully converted money from Plaintiff and the Class; and

     (e)     whether Defendant is liable to Plaintiff and the Class for unjust enrichment.

39.     **Typicality.**  Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.  Further, there are no defenses

available to Defendant that are unique to Plaintiff.

40.     **Adequacy of Representation.**   Plaintiff will fairly and adequately protect the interests of the Class.   Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class.   Furthermore, Plaintiff has no interests that are antagonistic to those of the Class.

41.     **Superiority.**   A class action is superior to all other available means for the fair and efficient adjudication of this controversy.   The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant.   It would, thus, be virtually impossible for the Class on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if Class members could afford such individualized litigation, the court system could not.   Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.   Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.   By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

42.     In the alternative, the Class may also be certified because:

(a)     the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b)     the prosecution of separate actions by individual Class members would create

a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c)    Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

### COUNT I
**Breach Of Contract**
**(On Behalf Of The Class)**

43.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

44.    Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

45.    Plaintiff and Defendant entered into a contractual relationship where Plaintiff would provide payment in the form of tuition and fees, and Defendant, in exchange, would provide in-person educational services, experiences, opportunities, and other related services. The terms of the parties' contractual relationship are set forth in publications from Jefferson, including the Class Schedule Search function and Course Catalog.

46.    When Plaintiff and Class Members sought to enter into a contractual agreement with Defendant for the provision of educational services for the Spring Semester 2020, Plaintiff and Class Members viewed the Course Catalog and Course Registration function to make specific course selections prior to registering and paying tuition and fees for those selected courses.  These materials constitute an offer to enter a contractual agreement.

47.     The Course Catalog provided Plaintiff and Class Members with information regarding the courses offered, and online courses were clearly described as such, while in-person courses made no mention of online learning.

48.     Indeed, the Class Search function specifically denoted online classes under the "Subject" category by placing the words "Online" next to a particular subject.  Moreover, the Class Search function also allowed students to search and register for classes based on "Schedule Type" and then search for "Lecture," or "On-Line."  See supra ¶ 5.  Even further, once a student selected a class, Jefferson's Class Schedule Listing page specifically warranted that Lectures would be in-person by placing the words "In Person" next to the word Lecture.  See supra ¶ 6.  The Class Schedule Listing also reinforced the in-person nature of in-person classes by providing the class's meeting times and physical meeting location (building and room number).

49.     As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above.  Plaintiff and Class members fulfilled their end of the bargain when they paid monies due for Spring Semester 2020 tuition.  Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020.  In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

50.     Defendant materially breached the parties' contractual agreement by failing to provide in-person education services for the entirety of the Spring Semester 2020.  The provisions of the contract breached by Defendant include, but are not limited to, the fact that the Course Catalog did not make any reference to the administration of in-person courses in an online format, and the Class Schedule Search function clearly indicated that courses were to be conducted in-person, "Lecture" format as opposed to "On-line."  The tuition and fees Jefferson charged for

"Lecture" format courses is substantially more than available "On-line" alternative courses.

51.     Defendant has failed to provide the contracted for services and has otherwise not performed under the contract as set forth above by failing to provide in-person educational services from March 12, 2020 through the end of the Spring 2020 semester.  Defendant has retained monies paid by Plaintiff and the Class for their Spring Semester 2020 tuition and fees, without providing them the benefit of their bargain.

52.     Plaintiff and members of the Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

53.     As a direct and proximate result of Defendant's breach, Plaintiff and the Class, are entitled to damages, to be decided by the trier of fact in this action, to include but no be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver.  Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Jefferson has not held in-person classes since March 12, 2020.

54.     Defendant's performance under the contract is not excused due to COVID-19. Indeed, Defendant should have refunded the pro-rated portion of any education services not provided.  Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services it will not provide.

55.     Therefore, Defendant should return a pro-rata share of the tuition and fees paid by Plaintiff and Class Members that relate to those in-person educational services that were not provided since Jefferson has not held in-person classes since March 12, 2020.   In-person educational services were not provided for approximately 50% of the Spring Semester 2020.

## COUNT II
**Unjust Enrichment**
**(On Behalf Of The Class, In The Alternative)**

56.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

57.     Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

58.     Plaintiff and members of the Class conferred a benefit on Defendant in the form of monies paid for Spring Semester 2020 tuition and other fees in exchange for certain service and promises.  Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020.  In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

59.     Defendant voluntarily accepted and retained this benefit by accepting payment.

60.     Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances.  Accordingly, Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Jefferson has not held in-person classes since March 12, 2020.

61.     It would be unjust and inequitable for Defendant to retain the benefit conferred by Plaintiff's and Class Members' overpayments.

62.     Defendant should be required to disgorge all profits resulting from such overpayments and establish a constructive trust from which Plaintiff and Class Members may seek restitution.

**COUNT III**
**Conversion**
**(On Behalf Of The Class, In The Alternative)**

63.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

64.     Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

65.     Plaintiff and members of the Class have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring Semester 2020 tuition and fee payments to Defendant.

66.     Defendant intentionally interfered with the rights of Plaintiff and the Class when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

67.     Plaintiff and members of the Class demand the return of the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Jefferson shut down on March 12, 2020.

68.     Defendant's retention of the fees paid by Plaintiff and members of the Class without providing the educational services for which they paid, deprived Plaintiff and Class members of the benefits for which the tuition and fees paid.

69.     This interference with the services for which Plaintiff and members of the Class paid damaged Plaintiff and Class members in that they paid tuition and fees for services that will not be provided.

70.     Plaintiff and Class members are entitled to the return of pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Jefferson shut

down on March 12, 2020.

**COUNT IV**
**Money Had And Received**
**(On Behalf Of The Class, In The Alternative)**

71.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

72.     Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

73.     Plaintiff and members of the Class paid monetary funds to Defendant for tuition and fees for the Spring Semester 2020.

74.     Defendant has retained the monies paid by Plaintiff and members of the Class for the Spring Semester 2020 while not providing in-person educational services, activities, opportunities, resources, and facilities for which those monies were paid.

75.     Defendant is in possession of and holds money that belongs to Plaintiff and the members of the Class in equity and good conscience.

76.     Defendant has been unjustly enriched by its retention of the funds Plaintiff and the members of the Class paid Defendant for tuition and fees, and it is unconscionable for Defendant to retain funds to which it is not entitled.

77.     Defendant's unlawful retention of Plaintiff's and Class Members' funds has damaged Plaintiff and the members of the Class.

78.     Defendant owes Plaintiff and members of the Class for money had and received, including, but not limited to, the amount of Plaintiff's and Class Members' pro-rated tuition and fees for the Spring Semester 2020.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks

judgment against Defendant, as follows:

      (a)      For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys, Bursor & Fisher, P.A., as Class Counsel to represent the Class;

      (b)      For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

      (c)      For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

      (d)      For prejudgment interest on all amounts awarded;

      (e)      For an order of restitution and all other forms of equitable monetary relief;

      (f)      For injunctive relief as pleaded or as the Court may deem proper; and

      (g)      For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: January 15, 2021          Respectfully submitted,

                    By:    */s/ Joseph N. Kravec, Jr.*
                              Joseph N. Kravec, Jr.

                    **FEINSTEIN DOYLE PAYNE & KRAVEC, LLC**
                    429 Fourth Avenue
                    Law & Finance Building, Suite 1300
                    Pittsburgh, PA 15219
                    Telephone: (412) 281-8400
                    Facsimile: (412) 281-1007
                    Email: jkravec@fdpklaw.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (*pro hac vice* app. forthcoming)
Alec M. Leslie (*pro hac vice* app. forthcoming)
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email:  pfraietta@bursor.com
            aleslie@bursor.com

*Attorneys for Plaintiff*