**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| LENA BUCCIGROSSI, individually and on behalf of all others similarly situated, | Civil Action No. 2:21-cv-00221-JMY |
| Plaintiff, | |
| v. | |
| THOMAS JEFFERSON UNIVERSITY, | |
| Defendant. | |

**JOINT REPORT OF RULE 26(F) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on March 19, 2021 and submit the following report of their meeting for the court's consideration:

1.    **Discussion of Claims, Defenses and Relevant Issues.**

a.    <u>Plaintiff's statement</u>:   Plaintiff Lena Buccigrossi ("Plaintiff") brings this class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 academic semester at Thomas Jefferson University ("Jefferson" or "Defendant"), and who, because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services for which their fees paid, without having their tuition and fees refunded to them.  Complaint ("Compl.") (ECF No. 1) ¶ 1. Plaintiff and Jefferson entered into a contractual agreement where Plaintiff would provide payment in the form of tuition and fees and Defendant, in exchange, would provide in- person educational services, experiences, opportunities, facilities, and other related services. The terms of the contractual agreement were set forth in publications from Jefferson, including Jefferson's Class Schedule Search, Jefferson's Course Catalog, and course-specific syllabi. *Id*. ¶ 3.

As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Ms. Buccigrossi and the putative class contracted and paid for. The online learning options being offered to Jefferson students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique. The remote learning options are in no way the equivalent of the in-person education that Plaintiff and the putative class members contracted and paid for. This is no doubt why Jefferson's tuition for in-person courses cost substantially more than their online alternative. *Id.* ¶ 11.  Nonetheless, Jefferson has not refunded any tuition or fees for the Spring 2020 Semester. *Id.* ¶ 12.  Plaintiff and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that

Defendant has not provided. Even if Defendant did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing. *Id.* ¶ 13. Plaintiff seeks, for herself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided." *Id.* ¶ 14.

b.      <u>Defendant's statement</u>: This case involves a putative class action filed by a Thomas Jefferson University ("Jefferson") graduate student seeking a refund of Spring 2020 tuition and fees paid for the period of time that Jefferson offered a virtual learning environment in response to the COVID-19 pandemic and as required by Governor Wolf's and Mayor Kenney's orders.

As outlined in Jefferson's Motion to Dismiss Plaintiff's Complaint, Plaintiff's breach of contract claim fails because there was no enforceable express or implied promise made by Jefferson to provide Plaintiff with an in-person education.  Perhaps more importantly, the very Course Catalog upon which Plaintiff relies contains an express provision that reserves Jefferson's rights to "amend, modify, rescind, or implement any policies, procedures, regulations, fees, conditions and courses described [t]herein as circumstances may require without prior notice to persons who might thereby be affected."  As further alleged in Jefferson's Motion to Dismiss, Plaintiff's tort claims fail because they are based on the same factual predicate as the breach of contract claim – i.e., that Jefferson promised an in-person education. Finally, all of Plaintiff's claims fail because, at their core, they require this Court to assess the quality of in-person instruction against remote instruction.  Pennsylvania courts have found claims that require assessment of the quality of an education are not cognizable because they are for educational malpractice.

Additionally, Jefferson intends to challenge class certification and believes Plaintiff will be unable to certify a class.  Plaintiff's theory of an implied contract is based largely on her subjective interpretations of various publications that she supposedly relied upon. A class cannot be certified unless common issues predominate over individualized issues.  Here, individual issues will predominate over common ones.  What any given student expected upon enrolling at Jefferson, and what each student experienced during the Spring 2020 Semester will require an individualized assessment of what materials they reviewed before enrolling, their specific area of study, the degree to which they utilized the campus, the degree to which the students' area of study required lab-work versus lectures, and many other factors that will vary student to student.  As a matter of law, no class can be certified here.

2.      **Informal Disclosures**

a.      <u>Initial Disclosures</u>: The parties exchanged their initial disclosures on March 2, 2021.

b.      <u>Informal Disclosures</u>:  A number of the policies Jefferson will rely on were disclosed in the Motion to Dismiss.  Jefferson also will produce to Plaintiff relevant portions of

her educational records, including those pertaining to her payment of tuition and other financial information.  Plaintiff will produce her own financial records, including invoices.

**3.      Formal Discovery**

a.      <u>Jefferson's topics for discovery include</u>:

i.      Documents related to the tuition and fees the Plaintiff paid during the Spring 2020 Semester;

ii.      Documents relating to Plaintiff's decision to attend Jefferson and what materials she reviewed in making that decision;

iii.      Documents related to financial aid (both institutional and Title IV funds) that Plaintiff was awarded;

iv.      Documents related to Plaintiff's degree program and courses;

v.      Documents and communications from, to, or among Plaintiff and/or others related to attending Jefferson, including initial enrollment, enrollment for any subsequent semester, and the payment of tuition and fees;

vi.      Documents related to Plaintiff's communications with faculty, staff, administrators at Jefferson concerning her education generally, and specifically for the Spring 2020 Semester;

vii.      Documents related to Plaintiff's decision to enroll in any institution of higher education;

viii.      Documents and communications from or to Plaintiff concerning applications for admission to any other higher education institution;

ix.      Documents concerning Plaintiff's attendance at courses at Jefferson;

x.      Documents concerning Plaintiff's possession, review, or understanding of any Jefferson publication, including but not limited to Jefferson's Course Catalog, Course Scheduler or website for all years that Plaintiff attended Jefferson; and

xi.      Documents related to Plaintiff's ability to satisfy the requirements for class certification under Fed. R. Civ. P. 23.

b.      <u>Plaintiff's topics for discovery include</u>:

i.  Documents concerning Plaintiff;

ii. Defendant's Course Catalog and course schedule and registration portals;

iii. Defendant's course-specific syllabi and academic policies;

iv. Defendant's handbooks, catalogs, brochures, advertisements, or other promotional materials;

v. Documents and communications relating to Defendant's decision not to issue refunds for tuition paid for the Spring 2020 semester;

vi. Documents and communications relating to Defendant's COVID-19 response, including but not limited to training manuals, handbooks, internal policies and communications, communications with parents, communications with students, communications with alumni, communications with donors, communications with any government agencies or officials, and communications with any outside consultants or experts;

vii. Documents regarding the amount of tuition monies Defendant received from for the Spring 2020 Semester;

viii.  Plaintiff's alleged damages;

ix. Documents regarding the amount of money Defendant received for Spring Semester 2020 fees;

x.  Documents showing the amount of tuition and fees for Spring Semester 2020 that Defendant refunded to students, if any, and Documents showing the total number of students who attended Jefferson during the Spring 2020 Semester, including a breakdown of the number of students enrolled in each of Defendant's courses of study;

xi.  Documents and communications showing requests by students or parents for refunds for the Spring 2020 Semester, and Defendant's response to said requests.

xii.  Documents and communications from Defendant's students or parents of Defendant's students regarding Defendant's response to COVID-19 regarding Defendant's decision to suspend in-person classes;

xiii.  Documents governing rights and responsibilities between students and Defendant concerning tuition and fees paid for Spring Semester 2020;

xiv.  Documents and communications related to any training or education provided to Defendant's professors and instructors as part of preparations to move Spring Semester 2020 classes to an online-only format;

xv. Documents and communications pertaining to any insurance agreement under which any person carrying on an insurance business may be liable to satisfy in part or in whole a judgement which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

xvi.    Documents and communications pertaining to Defendant's financial planning or internal discussions of financial or budget matters related to changes in operation due to COVID-19.

c.    <u>Timing</u>:

i.    The parties proposed 12 months for merits discovery.  While the parties recognize this is longer than the standard track expected by the Court, this is a complicated class action, and the parties believe it will take considerably longer than 120 days to finish discovery.  The parties propose that Plaintiff's class certification motion and expert disclosures be due 2 months after the conclusion of the merits discovery, and that Jefferson's summary judgment motion be filed on the same date.  Jefferson would then have 2 months to disclose any rebuttal expert and conduct expert discovery, as well as file any opposition to class certification.  Plaintiff would file her reply brief in support of class certification, and opposition to Jefferson's motion for summary judgment, 2 months later.  Plaintiff would also conduct expert discovery during that 2-month period.

ii.    Defendant believes that class wide discovery as to the specific circumstances of any student or class wide damages should not take place until after the court rules on class certification.  Defendant proposes two months of discovery on these topics after the decision on class certification.  Plaintiff opposes Defendant's request because Plaintiff will need information regarding class wide damages in order to move for class certification.  Plaintiff does not believe phasing or bifurcating discovery is warranted or appropriate here.

iii.    The parties believe this schedule is appropriate because this is a complicated class action.  Further, there may be challenges in producing material covered by FERPA.  Finally, there remain ongoing issues from the COVID-19 pandemic that may make discovery more complicated.

d.    <u>Discovery Forms</u>:

i.    The parties agree to 25 interrogatories per side, and 10 depositions per side, per the Federal Rules.

ii.    Jefferson intends to depose Plaintiff, and perhaps her parents and perhaps a number of other students about their experiences at Jefferson.

iii.    At minimum, Plaintiff intends on deposing a 30(b)(6) fact witness as well as other individuals identified in Defendant's initial disclosures.

e.    <u>FRE 502</u>:  The parties agree to clawback inadvertently disclosed privilege material per Federal Rule of Evidence 502.

f.    <u>Electronic Discovery</u>:

i.    Jefferson has issued a litigation hold and taken reasonable measures to ensure that electronic data is preserved.

          ii.      Jefferson will make reasonable searches of emails of relevant custodians using negotiated search terms.

          iii.     The parties will produce searchable tif+ files with load files containing relevant metadata.  The parties will produce native files upon agreement or court order if the materials cannot reasonably be accessed in tif format.  The parties agree to negotiate and agree upon ESI protocol, if necessary.

**4.**       **Expert Witness Disclosures**

          a.      As set forth above, the parties would like to have Plaintiff file her expert report along with her motion for class certification, and have Jefferson file any rebuttal reports simultaneous with its opposition to class certification.

          b.      The parties propose this schedule because the Jefferson's expert reports will likely be, at least in part, responsive to the expert report of the Plaintiff and address the issues presented in the Plaintiff's reports.

**5.**       **Early Settlement or Resolution**

          a.      The parties briefly discussed mediation and settlement.  Plaintiff indicated that she is amenable to mediating the case.  Jefferson believes it is premature to discuss settlement.

**6.**       **Magistrate Jurisdiction**

          a.      The parties do not consent to the jurisdiction of a magistrate judge at this time.

**7.**       **Trial date**

          a.      Because this is a class action and the timing of trial will be affected by whether class certification is granted or not.  If granted, Plaintiff will need to send out notices to the class, and Jefferson will have the right to seek to appeal the ruling under Federal Rule of Civil Procedure 23(f). Therefore, the parties believe it is premature to set a trial date, and that the earliest practicable time for trial after class notice and resolving appeals is March 2023.

**8.**       **Other Matters**

          a.      The parties discussed the need for a protective order for non-class students' personal information that is protected by FERPA.

Dated: March 26, 2021

                                 **BURSOR & FISHER, P.A.**

                                   */s/ Phillip L. Fraietta*
                                   Philip L. Fraietta (*pro hac vice*)
                                   Alec M. Leslie (*pro hac vice*)
                                   888 Seventh Avenue
                                   New York, NY 10019

Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com
aleslie@bursor.com

*Attorneys for Plaintiff Lena Buccigrossi*

**TROUTMAN PEPPER HAMILTON
SANDERS LLP**

*/s/ Michael E. Baughman*
Michael E. Baughman
Angelo A. Stio III
Mia S. Rosati
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4000

*Attorneys for Defendant Thomas Jefferson
University*