IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LENA BUCCIGROSSI, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION |
| v. | : : | NO. 21-cv-0221-JMY |
| THOMAS JEFFERSON UNIVERSITY | | |

### MEMORANDUM

**YOUNGE, J.**                                                                                          **APRIL 12, 2022**

      Plaintiff Lena Buccigrossi, a student at Thomas Jefferson University ("Jefferson"), has brought this putative class action complaint alleging that Defendant Jefferson violated its contractual obligations and was unjustly enriched when they transitioned to online learning as a result of the Covid-19 pandemic and declined to refund student tuition and fees. Plaintiff, in essence, argues that because Jefferson cancelled all in-person instruction, she and other similarly situated students received a materially different service than promised and thus, were deprived of the benefit of their bargain. Recently, this Court addressed nearly identical legal claims to the present matter in *Brezinzki v. Widener University*, 2022 U.S. Dist. LEXIS 16291, No. 20-cv-4939 (E.D. Pa. Jan. 28, 2022) where plaintiff's complaint was dismissed for failure to state a claim. Now before this Court is Defendant Jefferson's Motion to Dismiss. Despite the lack of a written expression between the parties guaranteeing in-person classes, Plaintiff, like the plaintiff in *Brezinzki,* argues that an in-person education is implied based on the higher cost of tuition for in-person coursework, marketing material and information posted on Jefferson's class

registration portal and course catalogs.[1]  This matter is briefed and appropriate for disposition without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons set forth below, similar to the decision in *Brezinski*, the Court grants the Defendant's Motion.

**I.      BACKGROUND**

Plaintiff Lena Buccigrossi is a graduate student in the Community and Trauma Counseling program at Thomas Jefferson University, a private university with its principal place of business located at 130 South Ninth Street, Philadelphia, PA 19107.  (ECF No. 1 at 5.)  On or about January 15, 2020 classes for the spring semester began at Jefferson and were scheduled to conclude on or around May 13, 2020.  (*Id.* at 6.)  For the spring semester of 2020, Plaintiff paid approximately $15,000 in tuition and fees, which included a "General Fee" of approximately $500 per semester and a "Departmental Fee." ( *Id.* at 5, 7.)

Prior to enrolling in Jefferson's spring 2020 semester, Plaintiff consulted Jefferson's course catalog and the course registration process.  (*Id.* at 13.)  The online registration process at Jefferson permitted students to pick and search for classes that were "On-Line" or listed as a "Lecture." (*Id.*)  For "Lecture" classes that were selected, Jefferson's "Class Schedule Listing" included a notation of "In Person" adjacent to the word "Lecture" along with meeting times and a physical location.  (*Id.* at 14.)  For the classes Plaintiff registered for, none made any mention of online learning. (*Id.* at 5.)  Plaintiff alleges that her understanding and belief was that every course she enrolled in for the spring 2020 semester was to be taught in-person. (*Id.*)  Plaintiff

---

[1] In Plaintiff's opposition to the Defendant's Motion to Dismiss, Plaintiff uses the heading "Plaintiff States a Claim For Breach Of Express And Implied Contract" but as discussed herein Plaintiff solely makes an argument for an implied, not an express breach of contract claim.  (ECF No. 21 at 14.)

states in her Complaint that Jefferson's tuition for in-person learning is higher than for online courses and programs.[2] (*Id.* at 10.)

In reaction to government mandated closures and the life-threatening consequences of the novel coronavirus outbreak, on March 12, 2020, Jefferson University, like many colleges across the country, announced that all classes would be held online for the remainder of the spring 2020 semester (ECF No. 13 at 11.)  Jefferson did not resume in-person learning for the remainder of the spring 2020 semester and did not refund any tuition or fees. (ECF No. 21 at 3.)  As a result, on January 15, 2021, Plaintiff brought this action on behalf of herself, and others similarly situated, seeking a refund of tuition and fees paid to Jefferson, asserting breach of contract, unjust enrichment, conversion and money had and received common law claims.  On May 7, 2021, Defendant filed its Motion to Dismiss.

## II.     LEGAL STANDARD

To survive a Rule 12(b) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Igbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Tombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Conclusory recitation of the elements of a cause of action is not sufficient. *Phillips v. Cty of Allegheny*, 515 F. 3d 224, 233 (3d Cir. 2008).   Rather, the plaintiff must allege facts necessary to make out each

---

[2] Plaintiff's implicit suggestion is that it also costs less to provide online coursework.  While at the motion to dismiss stage, the Court accepts Plaintiff's allegations as true, we note that discovery could reveal that the costs to Jefferson were increased by shifting online.  Nevertheless, for the reasons discussed below, whether Plaintiff paid more for in-person courses, or it costs Jefferson more to provide in-person learning, is not relevant to the disposition of this matter.

element. *Id.* (quoting *Twombly*, 550 U.S. at 563 n. 8). In other words, the complaint must contain facts which, if proven later, support a conclusion that a cause of action can be established.

In considering a motion to dismiss under Rule 12(b)(6), we first separate the factual and legal elements of a claim, accepting the well-pleaded facts as true and disregarding legal conclusions. Then, we determine whether the alleged facts make out a plausible claim for relief. *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 210-11 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). All well-pleaded allegations in the complaint must be accepted as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in the plaintiffs' favor. *See McTernan v. City of York*, 577 F. 521, 526 (3d. Cir. 2009).

In deciding a motion to dismiss, courts generally consider only the allegations of the complaint, exhibits attached to the complaint and matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F. 2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994). Courts may consider documents incorporated by reference in the complaint. *California Pub. Employees' Ret. Sys. V. Chubb Corp.*, 394 F. 3d 126, 134 (3d Cir. 2004). However, courts may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp.*, 998 F.2d at 1196. Courts may do so because "the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated where the plaintiff has actual notice . . . and has relied upon [those] documents in framing the complaint." *Schmidt v. Skolas*, 770 F. 3d 241, 249 (3d Cir. 2004) (internal quotation marks, alteration, and citation omitted). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guar. Corp.*, 998 F. 2d at 1196 (citing *Goodwin v. Elkins & Co.*, 730 F.

2d 99, 113 (3d Cir. 1984)).  Courts may consider these documents without having to convert the motion to one for summary judgment. *Id.*

### III. DISCUSSION

#### A. Breach of Contract

Plaintiff alleges that she entered into a contractual agreement with Defendant where in exchange for tuition and fees, Defendant was obligated to provide in-person class instruction. Despite styling her complaint as bringing both an "express" and "implied" breach of contract claim, Plaintiff never points to any explicit language by Jefferson showing that in-person classes were guaranteed.  Instead, Plaintiff argues that she understood and had a reasonable expectation that she would receive in-person classes based on students' ability to register for "On-line" and "Lecture" courses separately, course catalogs referring to in-person class locations, the reduced cost of the online classes, and marketing material touting an on-campus educational experience. Plaintiff believes that this information together created a contractual duty to provide an on-campus education. This argument is premised on an implied, breach of contract claim theory, not an express, breach of contract claim. Therefore, the Court finds that Plaintiff fails to state a claim for an "express" breach of contract.

Plaintiff also fails to state an "implied" breach of contract claim.  Under Pennsylvania law, the relationship between a student and a private educational institution is contractual.  *Reardon v. Allegheny Coll.,* 926 A.2d 477, 480 (Pa. Super. 2007) (citing *Barker v. Trustees of Bryn Mawr Coll.*, 122 A. 220, 221 (Pa. 1923)). One of the difficulties in cases involving educational institutions is that generally the contractual agreement between students and the university hardly looks a comprehensive contract.  That certainly is the case here as there is no single integrated, written contract between Plaintiff and Jefferson.  Nevertheless, the existence of the parties'

contract and what was agreed to may be established by the "written guidelines, policies, and procedures as contained in the written materials distributed to the student over the course of their enrollment in the institution." *Swartley v. Hoffner*, 734 A. 2d 915, 919 (Pa. Super. 1999). Not every statement in a university's written material create a contractual obligation as there must be specific and identifiable promises the school failed to honor. Indeed, the only implied contract that Pennsylvania case law has recognized in the educational context is the "reasonable expectation on statements of policy by [the university] and the experience of former students that if he performs the required work in a satisfactory manner and pays his fees, he will receive the degree he seeks." *Gat v. Univ. of Pittsburgh of Com. Sys. of Higher Educ.*, 91 A. 3d 723, 731 (Pa. Super. 2014); *see also Cavaliere v. Duff's Bus. Inst.*, 605 A.2d 397, 401 (Pa. Super. 1992) (a student seeking to bring a breach of contract claim against an educational institution must allege "a specific contractual undertaking which was breached, clearly and directly resulting in at least some demonstrable damages"); *Smith v. University of Pennsylvania*, 2021 U.S. Dist. LEXIS 75473 * 6 (E.D. Pa. Apr. 20, 2021). ("a cause of action for breach of an implied promise is not cognizable under Pennsylvania law in the higher education context"). In other words, there is a right to an education and a degree, but the case law stops short of requiring more. *See Swartley*, 734 A.2d at 919-920; *see also Hart v. Univ. of Scranton*, No. 11-1576, 2012 WL 1057383, at * 3 (M.D. Pa. Mar. 28, 2012) (rejecting breach of contract claim against university based on implied contract theory).[3]

---

[3] Plaintiff cites cases from our sister courts to support her breach of contract claim but those cases are distinguishable because the law in those jurisdictions differ from Pennsylvania law and they were decided on a different set of facts. *See, e.g. Rosado v. Barry Univ. Inc.,* No. 1:20-CV-21813-JEM, 2020 WL 6438684, at *1 *(*S.D. Fla. Oct. 30, 2020) (applying Florida law which permits implied contracts in education); *Salerno v. Fla. S. Coll.,* No. 8:20-CV-1494-30SPF, 2020 WL 5583522, at *5* (M.D. Fla. Sept. 16, 2020) (same).

Even if Pennsylvania law permitted an implied, breach of contract claim for an in-person education, Plaintiff's Complaint suffers from the same deficiencies as in *Brezinski v. Widener University* where this Court granted the defendant university's motion to dismiss for failure to state a claim. As this Court detailed in that case, to the extent information posted on a university's registration portal or course catalog encouraged a student to enroll in what was thought to be an in-person class, this material does not, by itself, create a basis for an implied, breach of contract. If that were the case, then by the same logic, universities could be said to promise hundreds of other details that would render them in breach for a variety of day-to-day issues they may face, such as unforeseen building repairs or the unavailability of a particular professor.  It is understood that course catalogs, syllabi and registration materials generally show what a University or College *tentatively* planned, not what they *guarantee* will happen.  Like *Brezinski*, Jefferson's course catalogs, registration process and portal cannot be said to create a contract guarantying Plaintiff an in-person education. But there are even more reasons to grant Defendant's Motion in this case, as critically, the very course catalog Plaintiff relies upon states, on the first page, that Jefferson "reserve[s] the right to amend, modify, rescind, or implement any policies, procedures, regulations, fees, conditions and courses described herein as circumstances may require without prior notice to persons who might thereby be affected." (ECF No. 13 at 11.) While this clause is not akin to force majeure provision in a contract, it severely undermines Plaintiff's argument that the information given prior to a student's decision to enroll in certain classes created a mandatory duty for Jefferson to provide in-person learning. Rather, it shows that to the extent Plaintiff registered for classes believing that they would be in-person, she did not have a reasonable expectation that this could never change.

The marketing materials Plaintiff alleges further supports her claim is also unavailing.

Even if Jefferson's promotional materials conjured images of an on-campus collegial environment, such advertisements without "some language of commitment or some invitation to take action without further communication" cannot form a contract. *See Bourke*, 482 A.2d 240 (Pa. Super. 1984) (citing *Touraine Partners v. Kelly*, 482 A.2d 240 (Pa. Super 1984 and Restatement (Second) of Contracts § 26 cmt. b (1981); *Bourke v. Kelly*, 482 A.2d 240 (Pa. Super. 1984) (advertisements cannot constitute a legal offer to form a contract). Thus, Jefferson's promotional material preceding enrollment cannot be said to become of the contract with Plaintiff or other students.[4] Nor is the outcome changed by the mere fact that in-person courses may or may not cost more as how Jefferson allocated resource towards a course of study is within its sound educational discretion. It is not this Court's role to second-guess those types of decisions. Therefore, the Court grants Defendant's Motion to Dismiss as to Plaintiff's breach of contract claim.

### B. Unjust Enrichment

In the alternative to a breach of contract claim, Plaintiff brings a claim for unjust enrichment. Under Pennsylvania law, a plaintiff may not recover under a theory of unjust enrichment if the parties' relationship is governed by a written contract, though they may plead this claim in the alternative when there is a dispute about the existence or validity of a contract. *Scafer Elec, &*

---

[4] In its Motion, Defendant also argues that Plaintiff's allegations are tantamount to an educational malpractice claim, which is not cognizable under Pennsylvania law. Under Pennsylvania law, which applies in this diversity action, there is a distinction between an action for breach of a contractual obligation and one for educational malpractice; while the former may be maintained, the latter may not. *See Cavaliere v. Duff's Bus. Inst.*, 605 A.2d 397, 403 (Pa. Super. 1992.); *see also Glenn Distribs. Corp. v. Carlisle Plastics, Inc.*, 297 F.3d 294, 300 n. 3 (3d Cir. 2002) (applying Pennsylvania substantive law in diversity action). Plaintiff's Complaint, however, is not challenging the quality of Jefferson's education, but rather, argues that Defendant did not provide a promised service. This type of claim is grounded in contract, not educational malpractice, and therefore, is justiciable.

*Const. v. Mantia*, 67 A.3d 8, 13 (Pa. Super 2013); *Power Restoration Int'l, Inc. v. Pepsico, Inc.*, No. 12-1922, 2013 U.S. Dist. LEXIS 148016, at *20 (E.D. Pa. Oct. 11, 2013) (citations and quotations omitted); *see also Khawaja v. RE/MAX Cent.,* 151 A. 3d 626, 633 (Pa. Super. 2016). Both Plaintiff and Jefferson agree that there is a contract that governs the parties' relationship, though they dispute whether the contract obligates Jefferson to provide an in-person education. In such circumstances, even when pled in the alternative, it is appropriate to dismiss a claim for unjust enrichment. *See Grudkowski v. Foremost Ins. Co*., 556 F. App'x 165, 170 n.8 (3d. Cir. 2014) ("Here, [the parties] had a contractual relationship, the existence and validity of which are not challenged. Thus, [the plaintiff's] claim for unjust enrichment, even when pled in the alternative, was appropriately dismissed."). Therefore, the Court will dismiss Plaintiff's unjust enrichment claim.

### C. Conversion

Plaintiff is also suing for conversion. Jefferson argues that Plaintiff's claim for conversion is barred by the gist of the action and economic loss doctrines. Conversion is a tort by which the defendant deprives the plaintiff of his right to chattel or interferes with the plaintiff's use or possession of chattel without the plaintiff's consent and without lawful justification. *Chrysler Credit Corporation v. Smith*, 643 A.2d 1098, 1100 (1994), *appeal denied*, 652 A.2d 834 (1994). Pennsylvania's gist of action doctrine precludes a plaintiff from bringing a breach of contract claim as a tort claim. *eToll, Inc. v. Elias/Savion Advert., Inc.*, 811 A.2d 10, 14 (Pa. Super. 2002). The gist of the action doctrine "is designed to maintain the conceptual distinction between breach of contract claims and tort claims. As a practical matter, the doctrine prevents plaintiffs from re-casting ordinary breach of contract claims into tort claims." *Id.* (internal citation omitted). Courts evaluate the "gist or gravamen of the cause of action stated in

the complaint" to determine whether, "although sounding in tort, [it] is, in actuality, a claim against the party for breach of its contractual obligations." *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 53 (Pa. 2014).  Relatedly, the economic loss doctrine provides that "no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage." *Excavation Technologies, Inc. v. Columbia Gas Company of Pennsylvania*, 985 A.2d 840, 841 n.3 (Pa. 2009) (citing *Adams v. Copper Beach Townhome Cmtys., L.P.*, 816 A.2d 301, 305 (2003)).  The doctrine prevents a plaintiff from recovering under a tort theory when the plaintiff's only loss is purely economic. *Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc.*, 247 F.3d 79, 104 (3d Cir. 2001) (citing *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir. 1995)).  Plaintiff alleges that Defendant was contractually obligated to provide an in-person education, and that a materially different service than what was promised was provided when Jefferson shifted classes online.  The contract is not incidental to the harm complained of as set forth in Plaintiff's allegations.  Plaintiff also seeks solely economic damages for the alleged loss of the benefit of a bargain with Jefferson. Thus, the gist of action and economic loss doctrines squarely bar Plaintiff's claim for conversion.  *Pittsburgh Const. Co. v. Griffith*, 834 A.2d 572, 684 (Pa. Super. 2003) ("Claims for conversion have been consistently disallowed where such claims are based on the same facts as the contract claim").  The Court, therefore, grants Defendant's Motion as to Plaintiff's conversion claim.

### D. Money Had and Received.

Plaintiff's final common law claim "for money had and received" also fails as a matter of law.  A cause of action for money had and received exists where money is wrongfully diverted from its proper use and falls into the hands of a third person who, in equity and good conscience, has an inferior right to it. *Solomon v. Gibson*, 615 A. 2d 367 (Pa. Super. 1992).  It requires that

money be paid by mistake, under compulsion, where consideration is insufficient. *White v. Conestoga Title Ins. Co.*, 53 A.3d 720, 723 (Pa. 2012).  None of these conditions exist here. Thus, Plaintiff has no cognizable claim for money had and received and the Court grant's Defendant's Motion as to this claim.

## V.     CONCLUSION

For the reasons discussed above, the Court will grant Defendant's Motion to Dismiss.  An appropriate Order will follow.


**IT IS SO ORDERED.**

                                                                        BY THE COURT:

                                                                         /s/ John Milton Younge
                                                                        **Judge John Milton Younge**